Case 4:25-cv-00641   Document 27   Filed on 06/05/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ARENA ENERGY, LLC, *et al.* § CIVIL ACTION NO. 4:25-CV-00641
§
MARITECH RESOURCES, LLC, *et al.* §

## MEMORANDUM AND ORDERS

### I. INTRODUCTION

Before the Court are the separate motions filed by Maritech Resources, LLC ("Maritech") [DE 15] and TETRA Technologies, Inc., ("TETRA") [DE 18], both seeking dismissal of the plaintiffs', Arena Energy, LLC and Arena Offshore, LP, collectively ("Arena") lawsuit against them on separate, but related bases. Arena responded separately to both motions [DEs 23 and 24] and the arguments are fully before the Court. After a careful review of the documents and arguments, the Court concludes that Meritech's motion should be denied and that TETRA's motion should be denied, as well.

### II. FACTUAL BACKGROUND

Arena, Delaware entities, bring this lawsuit against Maritech and Tetra also Delaware entities under 28 U.S.C. § 1331, and the Outer Continental Land Act ("OCSLA"), 43 U.S.C. § 1349(b)(1). Arena asserts that Maritech and Tetra breached certain contractual obligations by failing to "perform the work and pay the costs of decommissioning an oil and gas platform standard in the Gulf of Mexico" [EC Block 328].

According to Arena, the platform was toppled by Hurricane Ike in 2008. Arena asserts that even though notified, Maritech and Tetra failed to perform the decommissioning obligations, the Bureau of Safety and Environmental Enforcement ("BSEE") demanded. BSEE turned the Arena

to perform the decommissioning operation even though Arena asserts that it has no ownership interest in the platform.  Hence, Arena argues that its subsurface holdings, *i.e.,* lease operating rights, do not obligate it to maintain, repair or dispose of the "downed" platform.

Arena asserts that early on Maritech purchased certain assets from two affiliate companies, Dominion Exploration & Production, Inc., and Dominion Oklahoma Texas Exploration & Production, Inc., and CNG Pipeline Company, pursuant to a 2002 Purchase and Sales Agreement. That agreement also included the operating rights in the EC Block 328 which Agreement contains the following language at paragraph 703(a):

> EXPRESSLY COVENANTS AND AGREES TO ASSUME AND FULLY COMPLY WITH (1) ALL LIABILITIES AND OBLIGATIONS WITH RESPECT TO PLUGGING AND ABANDONMENT, INCLUDING, WITHOUT LIMITATION, ALL PLUGGING, REPLUGGING, ABANDONMENT, REMOVAL, DISPOSAL OR RESTORATION ASSOCIATED WITH THE ASSETS (WHETHER DRILLED OR PLACED ON AN ASST PRIOR TO OR AFTER THE EFFECTIVE DATE), THE REMOVAL AND CAPPING OF ALL ASSOCIATED FLOWLINES, THE RESTORATION OF THE SURFACE, SITE CLEARANCE . . . AND ANY DISPOSAL OF RELATED WASTE MATERIALS . . ., ALL IN ACCORDANCE WITH APPLICABLE FEDERAL, STATE AND LOCAL LAWS AND THE TERMS AND CONDITIONS OF THE LEASES AND ASSOCIATED CONTRACTS . . .

*See* [Purchase and Sales Agreement, 2002].  That provision, asserts Arena, along with other provision contained in subsequent agreements, obligated Maritech and its parent company Tetra. Arena argues that the relevant documents reflect the authorized signatures of both entities.  Hence, even though Maritech sold operating interest to other entities, according to Arena, Maritech and Tetra remained liable for "all plugging, abandoning and decommissioning costs and [related] responsibilities" for the wells, platforms and facilities on EC Block 328.

Asserting that Maritech and Tetra failed to pay under the terms of the Agreement(s), Arena brought this lawsuit for breach of contract, open account, and for a declaratory judgment.

**III.    MARITECH'S AND TETRA'S CONTENTIONS FOR DISMISSAL**

In separate motions to dismiss, Maritech and Tetra seek dismissal of Arena's lawsuit, pursuant to FRCP, 12(b)(6).  Maritecth argues that Arena's pleadings fail to state a justiciable cause of action against it because: (a) given that the OCSLA contains a "conflicts of law provision(s) that supersedes the contract choice of law, the law of the adjacent state," Louisiana's statute dictates the "limitations period within which an action such as that of Arena may be brought, 10 years which time may have elapsed.  Because more than 10-years has expired since the damage was done by Hurricane Ike, the time for bringing this suit has expired.  Martiech also argues that the claim is not one that is or can be prosecuted as an "open account" claim under Louisiana Revised Status § 9.2781.  Hence, because the sole claim arises from the indemnity provision of Agreement, Arena's suit must be dismissed for failure to state a suit on an open account.

Tetra's Rule 12(b)(6) motion asserts that it did not execute an agreement with either of the Arena parties.  In addition, Tetra asserts: (a) that Tetra has not owned Maritech in over six years; (b) that Maritech's purported debt did not arise until after Tetra's subsidiary sold Maritech to a third party, and (c) that Tetra has no other contractual relationship with either of the Arena parties.  Therefore, both Arena claims – breach of contract and open contract should be dismissed as a matter of law.

**IV.    ARENA'S RESPONSE TO THE RULE 12(B)(6) motions**

In response to Maritech's claim, that the 10-year prescriptive period began to expire in 2004, Arena disputes the claim, arguing that the breach occurred when Maritech failed to live up to its obligation after being notified that the obligation was due.  After notice, Maritech ignored Arena's demand for payment. Hence, Arena contends that the breach/obligation came in 2022.

Concerning, Maritech's claim that there is no basis for Arena's claim that the account is in an open account, Arena claims that the account is an open account and does relate to the indemnity provision of the contract because the sums due extend over a period of years that begins to run the date when the last entry is entered. The date of the last entry was September 2024; after which the period of prescription began to run. Therefore, Arena argues, it is entitled to proceed under an open account claim is and, as well, entitled to an attorney's fee.

Lastly, Arena argues that Tetra's claim that it did not execute an agreement with Arena fails. Here, Arena asserts that Maritech was Tetra's agent and, therefore, authorized Maritech to execute the contract. Moreover, Arena argues, Tetra's relationship with Maritech establishes an "affiliate" and is thereby obligated under the contract as an affiliate under the indemnity provision. Hence, the same terms and conditions of the contract that bind Maritech also establish a basis for indemnity against Tetra.

## V.    CONCLUSION

After a careful review of the pleadings, motions, significant appendices, and the arguments presented, the Court concludes that Martiech's and Tetra's motions to dismiss or for judgment on the pleadings should be denied. This ruling does not portend to resolve any issue(s) that discovery may resolve. The motions and appendices reach far beyond FRCP Rules 8 ad 12(b)(6) expectations or requirements. To survive a motion to dismiss the non-moving party's complaint must simply state a plausible claim for relief. *See* [FRCP, Rule 12(b)(6)]; *see also Weyerhaeuser Co. v. Burlington, Ins., Co.,* 74 F.4th 275, 282 (5th Cir. 2023). Arena's complaint does that and more. That said, motions to dismiss are not the appropriate vehicle for resolving this dispute. But, neither is a motion for judgment on the pleading or for summary judgment at this juncture.

In light of the foregoing, the Court determines that Maritech's and Tetra's motions should be, and they are Hereby Denied in their entirety.

It is so Ordered.

SIGNED on June 5, 2025, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge